IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE PIZANO, on behalf of himself and other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| BIG TOP & PARTY RENTALS, LLC d/b/a BIG TOP TENT & PARTY RENTALS, LLC, and MARLENE LEONARD, individually, | ) ) ) ) ) | Magistrate Judge |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Jose Pizano, on behalf of himself and other similarly situated individuals, known and unknown, through his attorneys, against Defendants Big Top & Party Rentals, LLC ("Big Top") and Marlene Leonard, individually (collectively, "Defendants") states as follows:

### I.     NATURE OF THE CASE

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL;

### II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III. PARTIES

**Plaintiffs**

4. Plaintiff resides in and is domiciled in the State of Illinois and within this judicial district.

5. At all relevant times, Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and IMWL, 820 ILCS 105/1 *et seq*.

**Defendants**

6. Within the relevant time period, Defendant Big Top:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has had its principal place of business at 3236 West Monroe in Waukegan, Illinois, within this judicial district;

    c. has conducted business in Illinois and within this judicial district;

    d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

7. Within the relevant time period, Defendant Marlene Leonard:

    a. has been the owner and operator of Defendant Big Top;

    b. among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c); and

    d. based on information and belief, resides in this judicial district.

## IV. FACTUAL BACKGROUND

8. Plaintiff Jose Pizano has worked at Big Top from May 2011 through the present.

9. Plaintiff is employed by Defendants to set up tents, chairs, and other party rental equipment to various sites around Chicago and the surrounding suburbs.

10. During the course of his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours in individual weeks.

11. Defendants failed to pay overtime compensation to Plaintiff for all time worked in excess of forty (40) hours in an individual week, instead paying part of the compensable time worked by Plaintiff at Plaintiff's regular rate of pay.

## V. CLASS ACTION ALLEGATIONS

12. Plaintiff will seek to certify a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law claim for Illinois-mandated overtime wages (Count II) arising under the IMWL.

13. The class that Plaintiff seeks to represent is defined as: All individuals employed by Big Top & Party Rentals, LLC as hourly employees and who worked in excess of forty (40)

hours in any individual work weeks for the period of December 11, 2012 through the date of judgment.

    14. Count II is brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

        a. The class is so numerous that joinder of all members is impracticable:

        b. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed dozens of individuals in Illinois during the IMWL Class Periods;

        c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

            i. Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period.

        d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating discrimination and other employment class actions;

        e. The class representatives and the members of the class have been equally affected by Defendants' failure to pay Illinois overtime wages;

        f. The class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or

affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

15. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages
### Section 216(b) Collective Action

16. Plaintiff incorporates and re-alleges paragraphs 1 through 15 of this Complaint, as though set forth herein.

17. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

18. In the three years prior to the filing of the lawsuit, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

19. In the three years prior to the filing of the lawsuit, Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at least at the overtime wage rate of one and a half times his regular rate of pay for all time worked in excess of forty (40).

20. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

21. Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in an individual work week. .

22. Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

23. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendant;

C. Liquidated damages in the amount equal to the unpaid wages;

D. That the Court declare the Defendant violated the FLSA;

E. That the Court enjoin the Defendant from continuing to violate the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other further relief this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Class Action*

24. Plaintiff incorporates and re-alleges paragraphs 1 through 23 of this Complaint, as though set forth herein.

25. The matters set forth in this Count arise from Defendants' violation of the overtime wage provision of the IMWL.

26. In the three years prior to the filing of the lawsuit, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

27. In the three years prior to the filing of the lawsuit, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

28. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

29. Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in an individual work week.

30. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid overtime wages for all the time Plaintiffs and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare the Defendants violated the IMWL;

E. That the Court enjoin the Defendants from continuing to violate the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Such other further relief this Court deems appropriate and just.

Respectfully Submitted,

Dated: December 11, 2015

/s/ Neil Kelley
Neil Kelley (ARDC #6306308)
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff